Susan J. Olson, SBN 152467
Andrea J. Kirkpatrick, SBN 229363
STANTON, KAY & WATSON, LLP
101 New Montgomery Street, 5th Floor
San Francisco, CA  94105-3612
Telephone:  415-512-3501
Facsimile:  415-512-3515

Attorneys for Plaintiff
LABORERS PENSION TRUST FUND
FOR NORTHERN CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY TOTTEN as CHAIRMAN and JOSE MORENO as CO-CHAIRMAN of the BOARD OF TRUSTEES FOR THE LABORERS PENSION TRUST FUND FOR NORTHERN CALIFORNIA, | Case No. C-04-5441 SBA **ORDER FOR DISCHARGE OF STAKEHOLDER IN INTERPLEADER ACTION AND FOR PRELIMINARY INJUNCTION** |

Plaintiff,

v.

DORATRIZ P. CERVANTEZ, an individual,
CHRISTINE LARGAESPADA, an individual,
and DOES 1-50, inclusive,

Defendants.
_____/

**ORDER FOR DISCHARGE
OF STAKEHOLDER IN INTERPLEADER
ACTION AND FOR PRELIMINARY
INJUNCTION**

DATE:          September 27, 2005
TIME;          1:00 p.m.
CTRM.:.        Ctrm. 3, 3rd Floor
 LOCATION:   Oakland

        Based upon the papers filed herewith, including, the motion, memorandum of points and authorities,

declaration of Andrea J. Kirkpatrick and attachments thereto, this Court finds as follows:

        1.        Plaintiffs' interpleader is proper because multiple claimants have made adverse claims to the

specific sum of money ($47,472.00), the Laborers Pension Trust Fund for Northern California (hereinafter "Fund") is not, in any way, at fault for the present controversy regarding the interplead funds and the Fund claims no interest in the $47,472.00. Fed. R. Civ. Pro. 22; Bank of America Nat'l. Trust &Sav. Ass'n. v. Mamakos, 509 F.2d 1217 (9th Cir. 1975);

2.      Plaintiffs' request for a preliminary injunction, enjoining all actual and potential claimants from the further assertion of claims relating to the $47,472.00 deposited with the court is appropriate because the Fund is facing conflicting demands to the interplead funds and has no adequate remedy at law.  United States v. Major Oil Corp., 583 F.2d.1152, 1157-58 (10th Cir. 1978); and

3.      The Fund is a disinterested stakeholder that has been forced to bear the expense of guarding against multiple actions stemming from adverse and conflicting claims to the $47, 472.00.  Kirkpatrick Decl. at 8.  Therefore, in the interest of fairness and equity, the Fund should be awarded the attorneys' fees and costs that it has incurred in guarding against the adverse claims to the $47, 472.00.  Rhoades v. Casey, 196 F.3d 592, 603 (5th Cir. 1999); Schirmer Stevedoring Co. v. Seaboard Stevedoring Corp., 306 F.2d. 188, 194-95 (9th Cir. 1962); Gelfgren v. Republic Nat'l. Life Ins. Co., 680 F.2d 79, 81 (9th Cir. 1982).

Based on the rational set forth above and good cause showing, it is hereby ORDERED that:

1       Plaintiffs are discharged from further liability to any actual and potential claimants with respect to the amount of $47,472.00 that was deposited by Plaintiffs;

2.      Plaintiffs are discharged and relieved of further responsibility in the above-entitled action;

3.      All actual and potential claimants are permanently enjoined from asserting further claims to the monies deposited by Plaintiffs with the Court on February 9, 2005;

4.      Plaintiffs are awarded the costs and fees incurred in connection with these proceedings in the amount of $6,877.81.  Such fees shall be taken out of the $47,472.00 deposited by Plaintiffs with the Court;

and

      5.     Plaintiffs are granted leave to file an ex parte motion to amend this Order to include any

additional attorneys' fees and costs incurred by Plaintiffs in connection with these proceedings between July 1,

2005 and the date of this Order, so long as the ex parte motion is filed within fifteen (15) days of the date of this

Order.  Plaintiffs' ex parte motion must be accompanied by the appropriate documentation and proof.

      IT IS SO ORDERED.

DATED: 9-21-05

_Saundra B Armstrong_
The Honorable Saundra B. Armstrong
United States District Judge