United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY TOTTEN as CHAIRMAN and JOSE MORENO as CO-CHAIRMAN of the BOARD OF TRUSTEES FOR THE LABORERS PENSION TRUST FUND FOR NORTHERN CALIFORNIA,<br><br>Plaintiffs,<br><br>v.<br><br>DORATRIZ CERVANTEZ, et al.,<br><br>Defendants. | No. C 04-5441 SBA<br><br>**ORDER** |

On September 21, 2005, defendant and cross-claim plaintiff Doratriz Cervantes ("Cervantes") filed a motion for entry of default against co-defendant and cross-claim defendant Christine Largaespada ("Largaespada") on the grounds that Largaespada had failed to timely file an answer to the cross-complaint filed by Cervantes against Largaespada on April 1, 2005.

On September 22, 2005, the Clerk of Court declined to enter default against Largaespada.

On December 8, 2005, this Court held a Case Management Conference. During the Case Management Conference, the Court and the parties discussed Largaespada's failure to file an answer to Cervantes' cross-complaint. Thus, at this time, Largaespada's counsel was expressly on notice of Largaespada's failure to comply with Federal Rule of Civil Procedure 12. The Court continued the Case Management Conference to January 18, 2006.

On January 11, 2006, counsel for Largaespada filed a Case Management Conference Statement. In the Case Management statement, counsel for Largaespada admits that Largaespada has failed to file an answer to Cervantes' cross-claim and contends that an answer will be filed "at the time of the hearing in this matter." However, as of the date of this Order, no such answer has been filed. It further appears from the separate Case Management Conference statement filed by Cervantes that counsel for

Largaespada has been unwilling to meet and confer with Cervantes on any case scheduling or discovery issues. Cervantes' Case Management Conference statement directly conflicts with the statement filed by Largaespada, in which Largaespada states that she has complied with her meet and confer obligations.

Having reviewed Cervantes' September 21, 2005 motion for entry of default, and the entire file for the above-captioned proceedings, the Court finds that the Clerk's decision to decline default was made in error and the default should have been entered in Cervantes' favor at that time. Federal Rule of Civil Procedure 60(a) provides the Court with the ability to correct such "[c]lerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission[.]" Fed. R. Civ. 60(a).

Accordingly,

IT IS HEREBY ORDERED THAT, pursuant to Federal Rule of Civil 60(a), in order to correct the Clerk's September 22, 2005 declination of default, DEFAULT shall now be ENTERED in favor of Doratriz Cervantes and against Christine Largaespada on all of the causes of action asserted in Cervantes' cross-complaint. Additionally, counsel for Largaespada is hereby admonished for failing to defend this action in a timely and diligent manner. The Court notes that Cervantes' cross-claim has been pending since April 1, 2005 and, despite Largaespada's repeated misrepresentations to this Court that an answer would be duly filed, no such answer has been filed.

IT IS FURTHER ORDERED THAT cross-claim plaintiff Doratriz Cervantes is granted leave to file a motion for default judgment NO LATER THAN February 28, 2006.

IT IS FURTHER ORDERED THAT the January 18, 2006 Case Management Conference is VACATED.

IT IS SO ORDERED.

Dated: 1/18/05

SAUNDRA BROWN ARMSTRONG
United States District Judge

2