1

2

3                        IN THE UNITED STATES DISTRICT COURT

4                     FOR THE NORTHERN DISTRICT OF CALIFORNIA

5

6    LARRY TOTTEN as CHAIRMAN and              No. C 04-5441 SBA
     JOSE MORENO as CO-CHAIRMAN of
7    the BOARD OF TRUSTEES FOR THE
     LABORERS PENSION TRUST FUND              **ORDER**
8    FOR NORTHERN CALIFORNIA,

9              Plaintiffs,

10      v.

11   DORATRIZ CERVANTEZ, et al.,

12             Defendants.
     ─────────────────────────────────/
13

14          On September 21, 2005, defendant and cross-claim plaintiff Doratriz Cervantes ("Cervantes")

15   filed a motion for entry of default against co-defendant and cross-claim defendant Christine Largaespada

16   ("Largaespada") on the grounds that Largaespada had failed to timely file an answer to the cross-

17   complaint filed by Cervantes against Largaespada on April 1, 2005.

18          On September 22, 2005, the Clerk of Court declined to enter default against Largaespada.

19          On December 8, 2005, this Court held a Case Management Conference.  During the Case

20   Management Conference, the Court and the parties discussed Largaespada's failure to file an answer to

21   Cervantes' cross-complaint.  Thus, at this time, Largaespada's counsel was expressly on notice of

22   Largaespada's failure to comply with Federal Rule of Civil Procedure 12.  The Court continued the Case

23   Management Conference to January 18, 2006.

24          On January 17, 2006, after a careful review of the entire case file for the above-captioned

25   proceedings, and specifically, Cervantes' September 21, 2005 motion for entry of default, the Court

26   determined that default should have been entered against Largaespada on September 22, 2005 and that

27   the Clerk's decision to decline default was the result of an error.  Pursuant to Federal Rule of Civil

28   Procedure 60(a), the Court corrected this error by entering default in Cervantes' favor against

**United States District Court**
For the Northern District of California

Largaespada.  After noting that Cervantes' cross-complaint had been pending since April 1, 2005, the Court expressly admonished Largaespada's counsel for failing to defend the action in a timely and diligent manner and for making repeated misrepresentations to this Court regarding the likelihood that an answer would be filed.  Cervantes was instructed to file a motion for default judgment no later than February 28, 2006.

Inexplicably, on January 18, 2006, without requesting leave of Court, and in complete disregard of this Court's January 17, 2006 Order, Largaespada filed her "Answer" to Cervantes' cross-complaint. Although the Proof of Service attached to the Answer states that the Answer was "served" on January 11, 2006, the Answer is actually dated January 18, 2006.

On January 19, 2006, counsel for Largaespada, Mortimer H. Herzstein, sent a letter to the Court requesting that the Court "set aside the default and allow this matter to proceed on its merits."  The January 19, 2006 letter does not address any of the points mentioned in the Court's January 17, 2006 Order and utterly fails to explain why Largaespada's Answer was filed nearly *nine months* after Cervantes' cross-claim was filed.  Further, and most egregiously, the January 19, 2006 letter does not explain how an Answer dated ***January 18, 2006*** could have possibly been served on January 11, 2006.

The Court finds Largaespada's counsel's blatant disregard for the Federal Rules of Civil Procedure, the Civil Local Rules, and this Court's prior Orders inexcusable and extremely troubling. The Court is also very troubled by the fact that there is a perplexing, and inappropriate, discrepancy between the date Largaespada's "Answer" was drafted and date is was supposedly "served."  The Court therefore reminds Mr. Herzstein that, while proceeding in this Court, he is obligated to be acquainted with, and to comply with, the Federal Rules of Civil Procedure, the Civil Local Rules, this Court's Orders, and the Rules of Professional Responsibility.

Because Largaespada's counsel has thus far failed to follow the appropriate rules and procedures, and because the submissions are decidedly untimely, the Court finds that neither the January 19, 2006 letter nor the Answer are properly before the Court.  Further, while the January 19, 2006 letter suggests that Largaespada intends to file a motion for relief from the entry of default, the Court notes that she has

2

United States District Court

For the Northern District of California

1    thus far failed to file any such motion.

2          Accordingly,

3          IT IS HEREBY ORDERED THAT the January 19, 2006 letter [Docket No. 55], Largaespada's

4    Answer [Docket No. 51], and Largaespada's Case Management Conference Statement [Docket No. 53]

5    are STRICKEN from the record.  If Largaespada believes, in good faith, that there is a legitimate basis

6    for filing a motion for relief from the entry of default, she is hereby granted leave to file such motion;

7    however, this motion <u>must be filed **NO LATER THAN FEBRUARY 17, 2004.**</u>  The Court hereby

8    <u>reminds counsel for Largaespada that any motion filed with the Court must be supported by both the</u>

9    <u>law *and* the facts and must clearly set forth the relevant authorities that support Largaespada's position.</u>

10         The Court reminds Cervantes that she must file her motion for default judgment before February

11   28, 2006 or this Court will dismiss this case and will close the file without further notice to either party.

12         IT IS SO ORDERED.

13

14   Dated: 2/9/06                                    *Saundra B Armstrong*
                                                        SAUNDRA BROWN ARMSTRONG
                                                        United States District Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                    3